UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEJON LEE PAYNE,<br><br>               Plaintiff,<br><br>  v.<br><br>CORRECTIONAL INDUSTRY KITCHEN<br><br>et al.,<br><br>               Defendant. | Case No. 3:23-cv-05587-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

      Before the Court is pro se Plaintiff Dejon Lee Payne's motion to amend/withdraw his second amended complaint. Dkt. 22. In his second amended complaint, Mr. Payne raises claims under 42 U.S.C. § 1983, alleging violations of his equal protection rights under the Fourteenth Amendment and that he was retaliated against for exercise of his First Amendment rights. *See* Dkt. 18. On August 8, 2024, Magistrate Judge David W. Christel issued a report and recommendation (R&R). Dkt. 20. Judge Christel concluded that, despite two chances to amend his complaint, Mr. Payne had failed to state a claim upon which relief could be granted. *Id.* Mr. Payne then move to amend/withdraw his second amended complaint. Dkt. 22. Judge Christel's R&R and Mr. Payne's motion are now before this Court and the motion is ripe for the Court's determination.

Mr. Payne's motion to amend/withdraw may be construed as a motion to voluntarily dismiss his complaint. The Court must "liberally construe" filings by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his motion, Mr. Payne writes, "I motion to withdraw my complaint so I can adequately state my claim and also prevent this dismissal that constitutes a strike under 28 U.S.C. § 1915(g)." Dkt. 22. The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), established the "three-strikes rule," which prevents a prisoner from bringing suit *in forma pauperis* if he has had three or more "prior suits dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1722, 207 L. Ed. 2d 132 (2020).

Mr. Payne correctly notes that if the Court allows him to voluntarily withdraw his complaint the dismissal would not count as a strike under 28 U.S.C. 1915(g). *Gordon v. Malcolm*, No. C05-5838RBL, 2006 WL 167943, at *2 (W.D. Wash. Jan. 23, 2006) ("such a voluntary dismissal will not count as a 'strike'"); *Sutton v. Warner*, No. 318CV05236BHSJRC, 2018 WL 7107932, at *1 (W.D. Wash. Dec. 27, 2018), report and recommendation adopted, No. C18-5236 BHS, 2019 WL 291694 (W.D. Wash. Jan. 23, 2019) ("a voluntary dismissal is presumptively not a strike pursuant to § 1915"). Given the "benefit of liberal construction," Mr. Payne's "motion to withdraw" to prevent a strike may be interpreted as a motion for voluntary dismissal. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (quoting *Erickson*, 551 U.S. at 94).

Federal Rule of Civil Procedure 41 sets forth the conditions under which an action may be dismissed. *Palmer v. Washington*, No. 318CV05262BHSDWC, 2019 WL 6312439, at *2 (W.D. Wash. Oct. 28, 2019), report and recommendation adopted, No. C18-5262 BHS, 2019 WL

ORDER GRANTING MOTION TO DISMISS - 2

6310736 (W.D. Wash. Nov. 22, 2019). Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order before a party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *see also Richardson v. Sherman*, 773 F. App'x 906, 907 (9th Cir. 2019) ("[Plaintiff] had an absolute right to a dismissal without prejudice because he filed a notice of voluntary dismissal before the appellee filed an answer or moved for summary judgment.")

    Mr. Payne moved to voluntarily dismiss his case before an answer or motion by Defendants. Accordingly, the Court GRANTS Mr. Payne's motion to voluntarily dismiss, Dkt. 22, and dismisses this case WITHOUT PREJUDICE. The Court declines to rule on Judge Christel's Report and Recommendation, Dkt. 20, as it is now moot.

    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

    Dated this 9th day of October, 2024.

Tiffany M. Cartwright
United States District Judge